UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA BALLANTINE *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DOMINICAN REPUBLIC, <br><br> *Defendant*, | Civil Action No. 19-cv-3598 (TJK) |

## MEMORANDUM OPINION

Lisa and Michael Ballantine initiated arbitration against the Dominican Republic to resolve an investment dispute. The arbitration panel found that it lacked jurisdiction over the Ballantines' claims under the Dominican Republic-Central America Free Trade Agreement and issued an award in favor of the Dominican Republic. The Ballantines moved for this Court to vacate the award under the Federal Arbitration Act (FAA), 9 U.S.C. § 10. But the FAA requires that notice of a vacatur motion be served within three months of the award's delivery, 9 U.S.C. § 12, and the Ballantines failed to complete service under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1608(a), until several weeks after the FAA deadline lapsed. The Ballantines argue that they served timely notice on the Dominican Republic and that satisfying the FSIA's service requirements within three months is both unnecessary and nearly impossible. For the reasons explained below, the Court disagrees, and will deny the Ballantines' motion as untimely.

I. **Background**

Lisa and Michael Ballantine are American-born, dual citizens of the United States and the Dominican Republic. ECF No. 1-1 ("MTV") at 8, 11. The couple bought property in the Dominican Republic in 2003 and began developing a luxury residential complex. ECF No. 1-3

("Award") ¶¶ 57–59.  After the Dominican Republic allegedly discriminated against the Ballantines in failing to issue them building permits and "expropriated" their investment "without compensation," they brought an arbitration in Washington D.C. under the Dominican Republic-Central America Free Trade Agreement ("CAFTA-DR").  MTV at 12, 14; Award at 179.  On September 3, 2019, a majority of the arbitration panel found that it lacked jurisdiction over the dispute because "Lisa Ballantine was dominantly Dominican and not dominantly American."  MTV at 1, 15.  So the panel issued an award in favor of the Dominican Republic. *See generally* Award; *see also* ECF No. 11 ("Opp.") at 9 ("The Award was delivered to the parties on September 3, 2019.").

On December 3, 2019, the Ballantines filed a Motion to Vacate the Award in this Court under the Federal Arbitration Act (FAA), 9 U.S.C. § 10, and to "order the Dominican Republic to submit to arbitration in accordance with CAFTA-DR."[1]  MTV at 43.  According to them, "there are 8 separate and independent reasons why the [panel] exceeded [its] authority, manifestly disregarded the law, or acted with evident partiality in ruling" that it lacked jurisdiction.  *Id.* at 19 (emphasis omitted).

The Ballantines made three attempts to serve notice of the Motion to Vacate on the day of filing.  They (1) mailed and hand delivered the Motion to the Dominican Republic's arbitration counsel, Arnold & Porter (A&P), *see* ECF No. 1-17; (2) engaged a Dominican bailiff to serve the Motion on the Ministry of Industry and Commerce, but nobody authorized to accept service was available or notified, *see* ECF No. 13-8; and (3) emailed the Motion to the head of the Ministry of Industry and Commerce, *see* ECF No. 13-1 ("Moore Decl.") ¶ 12.  The next day, the bailiff successfully served a copy of the Motion on the Ministry of Industry and Commerce, *see* ECF

---

[1] The Ballantines style their filing as a "Petition," as opposed to a motion.  *See* ECF No. 1.

2

No. 13-9, and A&P responded to the Ballantines a couple of weeks later that its representation of the Dominican Republic ended when the arbitration concluded, *see* ECF No. 11-3.[2]

On December 10, 2019, the Ballantines requested from the Clerk of the Court summonses addressed to the Dominican Republic, ECF No. 3, which the Clerk issued the next day, ECF No. 4. On January 8, 2020, the Ballantines filed affidavits requesting foreign mailing by the Clerk under the FSIA, 28 U.S.C § 1608(a)(3); the Clerk complied on January 22, 2020, and mailed a copy of the summons, complaint, and notice of suit, together with a translation of each, to the Dominican Republic's Ministry of Industry and Commerce and Ministry of Foreign Affairs. *See* ECF Nos. 5–8. The Dominican Republic filed an opposition arguing that the Motion is untimely, and that—even if the Court finds otherwise—the Ballantines do not clear the high hurdle for vacatur. *See generally* Opp.; *but see* ECF No. 13 ("Reply").

## II.    Legal Standard

A plaintiff seeking to vacate an arbitration award under the FAA has the burden of proving that she accomplished valid service. *The Argentine Republic v. Nat'l Grid PLC*, No. 09-cv-248 (RBW), 2010 WL 11229950, at *1 (D.D.C. June 7, 2010), *aff'd*, 637 F.3d 365 (D.C. Cir. 2011); *see Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). Section 12 of the FAA, 9 U.S.C § 12, sets a three-month deadline and other requirements for service:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. . . . If the adverse party shall be a nonresident [of the district within which the award was made] then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

---

[2] The Dominican Republic retained A&P again "following service on the Foreign Ministry on January 24, 2020." Opp. at 14 n.7; *see* ECF Nos. 9–10.

This three-month deadline is a non-jurisdictional statute of limitations. *See Republic of Argentina v. BG Grp. PLC*, 715 F. Supp. 2d 108, 120 n.10 (D.D.C. 2010) (citing *Dalal v. Goldman Sachs & Co.*, 541 F. Supp. 2d 72, 76 (D.D.C. 2008)), *rev'd on other grounds*, 665 F.3d 1363 (D.C. Cir. 2012).

**III.    Analysis**

The Ballantines failed to timely serve their Motion to Vacate the Award. Section 12 of the FAA requires that notice of a motion to vacate "must be served upon the adverse party" within three months of filing or delivery, 9 U.S.C. § 12. And for nonresidents of the district where the arbitration occurred, like the Dominican Republic here, *see* Award at 179, notice "shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 12.

These requirements, courts have recognized, present tricky issues for serving foreign parties. "[F]oreign parties," such as the Dominican Republic, "will not necessarily be found in *any* district" of the United States, *InterCarbon Bermuda, Ltd. v. Caltex Trading & Transp. Corp.*, 146 F.R.D. 64, 67 (S.D.N.Y. 1993), and service by marshals is "an artifact" of an "era that ended in the early 1980s," *Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp. 2d 120, 126 (D.D.C. 2010). What is left is the requirement that service be "in like manner as other process of the court," 9 U.S.C. § 12—which courts have interpreted to mean that service on foreign parties should be "in accordance with Rule 4." *Technologists, Inc.*, 725 F. Supp. 2d at 126. And Rule 4, in turn, states that a "foreign state . . . must be served in accordance with [the FSIA's] 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j)(1); *see Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994) ("[S]ection 1608(a) sets forth the exclusive procedures for service on a foreign state." (cleaned up)). Thus, the FAA required that the Ballantines serve notice of their

4

Motion to Vacate on the Dominican Republic under the FSIA within three months of the Award's filing or delivery: by December 3, 2019, *see* MTV at 15; Opp. at 9.

The FSIA "sets out in hierarchical order . . . four methods by which '[s]ervice ... [must] be made.'" *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1054 (2019) (quoting 28 U.S.C. § 1608(a)). The third method, applicable here, calls for:

> sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

28 U.S.C. § 1608(a)(3).[3] The Ballantines made three attempts to serve notice on the Dominican Republic on the last day of the FAA's three-month window, December 3, 2019: they emailed the Motion to the head of the Ministry of Industry and Commerce, *see* Moore Decl. ¶ 12; they sent the Motion to the Dominican Republic's arbitration counsel, A&P, *see* ECF No. 1-17; and they directed a Dominican bailiff to try to provide a copy of the Motion to the Ministry of Industry and Commerce, although he did not succeed, *see* ECF No. 13-8.

The Ballantines did not achieve timely service through any of these efforts. First, they directed none of these attempts to "the head of the ministry of foreign affairs" of the Dominican Republic, and none were "dispatched by the clerk of the court," as required. 28 U.S.C. § 1608(a)(3). Second, as for sending the Motion to A&P, notice of a vacatur motion may be

---

[3] The FSIA's other three methods are delivery under a "special arrangement," 28 U.S.C. § 1608(a)(1); delivery "in accordance with an applicable international convention on service of judicial documents," *id.* § 1608(a)(2); and, if service under the first three methods is impossible within thirty days, delivery through "diplomatic channels," *id.* § 1608(a)(4). Here, the parties agree that service under Section 1608(a)(3) is appropriate because they do not have a special agreement for service and the Dominican Republic and the United States are not parties to an international convention on judicial service. *See* Opp. at 13; Reply at 24.

served upon the "adverse party['s] attorney" only if "the adverse party is a resident of the district within which the award was made." 9 U.S.C. § 12. But the Dominican Republic is a nonresident, *see* Award at 179, so this provision is inapplicable.[4] Third, while the FSIA requires that "a copy of the summons" be served, 28 U.S.C. § 1608(a)(3), the Ballantines only requested summonses a week after the December 3, 2019, service deadline. *See* ECF No. 3. In fact, the Ballantines failed to request foreign mailing by the Clerk under the FSIA until January 8, 2020, over a month after the FAA's three-month service deadline. *See* ECF Nos. 5–6.

Neither of the Ballantines' arguments solve their service problem. They argue that their efforts above provided the Dominican Republic with actual notice of their Motion on December 3, 2019, which they maintain is all that 9 U.S.C. § 12 requires. *See* Reply at 21. But that reading would eviscerate the FAA's language in Section 12 that service be "in like manner as other process of the court," 9 U.S.C. § 12, which—when applied to service on a foreign sovereign like the Dominican Republic—refers to the process outlined in Rule 4 and, in turn, the FSIA.[5] *See Technologists, Inc.*, 725 F. Supp. 2d at 126; *Grupo Unidos Por El Canal, S.A. v. Autoridad del Canal de Panama*, No. 17-cv-23996, 2018 WL 3059649, at *4 (S.D. Fla. June 20, 2018)

---

[4] Even if serving the Motion to Vacate on the Dominican Republic's attorney was proper under the FAA, it does not appear that A&P could accept service on the Dominican Republic's behalf. *See* ECF No. 11-3; *Berkowitz v. Republic of Costa Rica*, 288 F. Supp. 3d 166, 171–73 (D.D.C. 2018) (finding that service on arbitration counsel that no longer represented a foreign sovereign "pursuant to the FAA did not qualify as effective service"); *Grupo Unidos Por El Canal, S.A. v. Autoridad del Canal de Panama*, No. 17-cv-23996, 2018 WL 3059649, at *3 (S.D. Fla. June 20, 2018) ("[T]he Petitioners fail to establish that . . . arbitration counsel was authorized [to accept service], which is their burden.").

[5] The Ballantines cite several cases in support of their notice argument, none of which pertain to service on a foreign party under the FSIA. *See* Reply at 21 & n.18 (citing *Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc.*, 857 F.2d 1235, 1237 (8th Cir. 1988); *Stifel, Nicolaus & Co. v. Stern*, No. 20-cv-0005 (SAG), 2020 WL 1529021, at *5 (D. Md. Mar. 31, 2020); *Santos v. GE*, No. 10-cv-6948 (JSR) (MHD), 2011 WL 5563544, at *7 (S.D.N.Y. Sept. 28, 2011), *report and recommendation adopted*, 2011 WL 5563536 (S.D.N.Y. Nov. 15, 2011)).

("[A]ctual notice of a motion to vacate does not translate to proper service under the FAA and FSIA . . . .").

The Ballantines also appear to call for equitable tolling of the FAA service deadline because, according to them, construing 9 U.S.C. § 12 to require FSIA service within three months would "effectively make it impossible" for parties to file timely motions to vacate arbitration awards for foreign entities. *See* Reply at 20, 23–24. And to be sure, serving a foreign sovereign can be cumbersome, *see* Reply at 23–25, and it is not at all clear that Congress contemplated the difficulties in completing FSIA service in such a short time frame, *see Republic of Argentina*, 715 F. Supp. 2d at 120 n.10. Still, the D.C. Circuit rejected a similar argument in *Argentine Republic v. National Grid PLC*, 637 F.3d 365 (D.C. Cir. 2011) (per curiam). In that case, the plaintiff "argued that it would be impossible to complete service of notice within the [FAA's] three month period" because the defendant was headquartered abroad and the FSIA required using government channels to serve under the Hague Convention. *Id.* at 367. The court found that Federal Rule of Civil Procedure 6(b) cannot be used to extend the three-month service window because 9 U.S.C. § 12 sets a "strict deadline," and "it would be incongruous to allow courts to circumvent the congressional directive" with "common law . . . exceptions." *Id.* at 368 (quoting *Dalal*, 541 F. Supp. 2d at 76).[6] So it does not appear that equitable tolling is available to the Ballantines here.

---

[6] *See also Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418, 1993 WL 58742, at *11 (5th Cir. 1993) (per curiam) (noting that "there is no 'discovery rule' or 'equitable tolling' exception to the [three-month deadline] in section 12 of the FAA"); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("The existence of any [due diligence or tolling] exceptions to § 12 is questionable, for they are not implicit in the language of the statute, and cannot be described as common-law exceptions because there was no common-law analogue to enforcement of an arbitration award."); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984) ("[T]here is no common law exception to the three month limitations period on the motion to vacate."). *But see Move,*

Finally, even if the Court had the power to equitably toll the service deadline, on the record here such tolling would be inappropriate, since the obstacles cited by the Ballantines were not the reason they missed the deadline. They moved to vacate on the last day of the service window, failed to request summonses until after the deadline, and did not even try to complete FSIA service by requesting foreign mailing until about a month later. *See* ECF Nos. 1, 5–6. As a result, they cannot show that they pursued their rights diligently or that "extraordinary circumstances" prevented them from timely serving the Dominican Republic. *BCB Holdings Ltd. v. Gov't of Belize*, 110 F. Supp. 3d 233, 245 (D.D.C. 2015), *aff'd*, 650 F. App'x 17 (D.C. Cir. 2016).[7]

## IV. Conclusion

For the above reasons, the Court will deny the Ballantines' Petition to Vacate Arbitral Award Declining to Exercise Jurisdiction, ECF No. 1. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 11, 2020

---

*Inc. v. Citigroup Glob. Mkts., Inc.*, 840 F.3d 1152, 1156–57 (9th Cir. 2016) ("[N]either the text, nor the structure, nor the purpose of the FAA is inconsistent with equitable tolling.").

[7] *See also Pfannenstiel v. Merrill Lynch*, 477 F.3d 1155, 1158 (10th Cir. 2007) (declining to apply equitable tolling because the plaintiff had a month to timely serve the defendant after learning of grounds to vacate the arbitration award); *Fradella v. Petricca*, 183 F.3d 17, 21 (1st Cir. 1999); *Lawson-Jackson v. Rosenhaus*, No. 16-cv-4049 (TDC), 2017 WL 4063800, at *3 (D. Md. Sept. 13, 2017) ("even if equitable exceptions could apply," the plaintiff did not show "any basis to excuse her failure to meet the service deadline" after moving to vacate on the last day of the limitations period).